UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JEFFREY BARTELS,

                        Plaintiff,                **ORDER ADOPTING REPORT**
v.                                          **AND RECOMMENDATION**
                                                 10 CV 5076 (PKC) (GRB)

THE INCORPORATED VILLAGE OF LLOYD HARBOR,
MAYOR LELAND M. HAIRR, DEPUTY MAYOR JEAN
THATCHER, JOHN RITTER, JR., ROBERT SCHWARZ,
POLICE CHIEF CHARLES FLYNN, SERGEANT RENALD
DIFONZO, POLICE OFFICER MORRISSEY, POLICE
OFFICER MULLER, POLICE OFFICER BAFFA, POLICE
OFFICER GRIMM, POLICE OFFICER CORTES, POLICE
OFFICER O'SHAUGHNESSY, POLICE OFFICER
DONNARUMA, MARY MOHRMAN, BRIAN MADSEN,
THOMAS SCHOLL, and JOHN DOES No. 1 and 2,

                        Defendants.

-----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Plaintiff Jeffrey Bartels initiated this action, pursuant to 42 U.S.C. § 1983, against Defendants the Incorporated Village of Lloyd Harbor ("Village") and various Village officials and employees, including members of the Village's police department, alleging violations of his constitutional rights. On June 17, 2014, Defendants filed their motion for summary judgment on all of Plaintiff's claims. On July 1, 2014, Plaintiff moved for leave to file a Third Amended Complaint. Both motions were referred to the Honorable Gary R. Brown, United States Magistrate Judge, for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b).

      In his Report and Recommendation ("Report"), issued February 18, 2015, Judge Brown recommended that Defendants' summary judgment motion be granted, that Plaintiff's motion to amend be denied, and that this action be dismissed in its entirety. (Report (Dkt. 57) at 2.)

Plaintiff timely filed his objections to the Report, although he chose not to object to the denial of his motion to amend. (Plaintiff's Objections to Magistrate's Report and Recommendation (Dkt. 58) at 8 ("Plaintiff does not take issue with the denial of leave to amend the current pleading . . . .").) Defendants timely responded to Plaintiff's objections. As discussed below, the Court adopts the Report in its entirety, and dismisses this action.

## I. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court makes a *"de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, 08-CV-322 (TJM) (DRH), 2011 WL 933846, at *1 (S.D.N.Y. March 16, 2011) (citing *Farid v. Bouey,* 554 F.Supp.2d 301, 306 n. 2 (N.D.N.Y.2008); *Frankel v. N.Y.C.,* 06-CV-5450 (LTS) (DFE), 07-CV-3436 (LTS) (DFE), 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009)). "After reviewing the report and recommendation, the Court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.'" 28 U.S.C. § 636(b)(1)(C); *O'Diah*, 2011 WL 933846, at *2 (quoting 28 U.S.C. § 636(b)(1)(C)).

Although Plaintiff has filed objections to Judge Brown's Report, his objections largely repeat the arguments he presented in his opposition to the Defendants' summary judgment

motion.[1] The Court, therefore, reviews the Report for "clear error." *O'Diah*, 2011 WL 933846, at *1.

## II. DISCUSSION

The Court has reviewed Judge Brown's extremely thorough and well-reasoned Report, and finds that it is free of any error, no less clear error. With respect to Plaintiff's claim that Judge Brown erred in finding that Plaintiff's photo of the "swerving truck" disproved his claim that the truck drove at him (Dkt. 58 at ECF 4; Dkt. 57 at 4-9), the Court finds that the record fully supports Judge Brown's conclusion. As Judge Brown explained, Plaintiff's own testimony indicated that he took this photo *as* the truck was allegedly veering toward him. Plaintiff's argument that there is a factual dispute as to whether Plaintiff took the photo *before* the truck swerved toward him is belied not only by Plaintiff's own deposition testimony, as recounted in the Report (Dkt. 57 at 5), but by common sense. There would have been no reason for Plaintiff to photograph the truck unless he believed that it was coming at him, just as he testified. *Id*. And, as Judge Brown correctly found, this photo showed that at the moment Plaintiff claimed the truck was swerving toward him, it was actually driving away from Plaintiff and over the median line in the road, just as the truck driver and passenger had testified. All of Plaintiff's other assertions of error are amply addressed in Judge Brown's Report, and do not require further discussion.

---

[1] Plaintiff's objections also reference material that is not in the record and is wholly irrelevant to this action. For example, Plaintiff discusses a video that he took and posted on YouTube of an unrelated car accident that occurred in or near the Village on March 1, 2015, two days before Plaintiff filed his objections. (*See* Dkt. 58 at 4 n. 1.) Plaintiff claims that the video shows Defendant Police Officer Morrissey preventing Plaintiff from filming the accident scene. *Id*. Aside from the complete lack of relevance of the video to this case, it does not depict what Plaintiff claims. In fact, the video shows the accident scene that Plaintiff claims he was prevented from filming. Rather, the video shows Officer Morrissey directing Plaintiff to keep his distance from the car involved in the accident to prevent Plaintiff from being injured in the event the car, which had slid over an icy embankment, fell any further in Plaintiff's direction.

## CONCLUSION

Accordingly, for the reasons set forth in the Report, Defendants' motion for summary judgment is granted in its entirety, and Plaintiff's motion for leave to amend the complaint is denied. All of Plaintiff's claims are dismissed with prejudice. The Clerk is respectfully directed to terminate this case.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: March 31, 2015
       Brooklyn, New York