UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JEFFREY BARTELS,

                        Plaintiff,

                  - against -

THE INCORPORATED VILLAGE OF
LLOYD HARBOR, et al.

                        Defendants.
--------------------------------------------------------X

**ORDER**

Case No. 10 CV 5076 (PKC)

PAMELA K. CHEN, United States District Judge:

      Pending before the Court is Defendants' Motion for Attorney's Fees pursuant to 42 U.S.C. § 1988. Defendants seek attorney's fees as prevailing defendants, following this Court's Order granting Defendants' motion for summary judgment based upon the Report and Recommendation of the Honorable Gary R. Brown. (*See* Dkt. 57 (Report & Recommendation); Dkt. 61 (Order dated March 31, 2015 adopting Report & Recommendation).) The Court entered judgment in Defendants' favor on April 16, 2015. (Dkt. 62.) Defendants filed the instant motion on May 20, 2015. (Dkt. 64.)[1] Plaintiff filed its opposition on July 13, 2015. (Dkt. 71.) For the reasons set forth below, the Court hereby denies Defendants' motion for failure to comply with Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure ("FRCP").

      Under 42 U.S.C. § 1988, a prevailing party in a proceeding brought under 42 U.S.C. § 1983 may move for an award of reasonable attorney's fees. 42 U.S.C. § 1988. Where the prevailing party is the defendant, the district court may exercise its discretion to award such fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation,

---

[1] In the same motion, Defendants sought an injunction against Plaintiff's ability to file future lawsuits against the Village of Lloyd Harbor without leave from the Court. (Dkt. 64.) The Court denied the Defendants' request on June 22, 2015. (Dkt. 70.)

even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978); *see also Carter v. Incorporated Village of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014) (quoting *Christianburg*).

The procedure governing a prevailing party's application for attorney's fees pursuant to Section 1988 is governed by FRCP 54. *See, e.g.*, *Lovejoy v. Gure-Perez*, No. 10 CV 5748, 2014 WL 2459656, at *7 (E.D.N.Y. May 21, 2014) (denying a motion for attorney's fees under Section 1988 for plaintiff's failure to comply with FRCP 54). That rule provides, in relevant part, that a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment" and "state the amount sought or provide a fair estimate of it" "unless a statute or a court order provides otherwise[.]" Fed. R. Civ. P. 54(d)(2)(B)(i)-(ii). Here, there is no Court order in place excusing Defendants from following the requirements of FRCP 54(d)(2)(B), and nothing in Section 1988 does either. Thus, a prevailing defendant seeking attorney's fees under Section 1988 must comply with FRCP 54.

*Defendants' motion is untimely.* Defendants' motion for attorney's fees is untimely because they failed to file within the 14-day deadline set forth in FRCP 54(d)(2)(B). Judgment was entered on April 16, 2015, but Defendants did not file their motion until May 20, 2015—34 days after judgment was entered. While a party's failure to file a motion for attorney's fees in a timely manner may be excused upon a showing of "excusable neglect," Defendants make no such showing here. Indeed, Defendants do not even acknowledge the fact that their motion was untimely. The Court therefore denies Defendants' motion as untimely. *Lovejoy*, 2014 WL 2459656, at *7 (E.D.N.Y. May 21, 2014) (denying motion for attorney's fees under Section 1988 where motion was made 24 days after judgment); *Slader v. Pearle Vision Inc.*, 199 F.R.D. 125, 126 (S.D.N.Y. 2001) (denying motion for attorney's fees under Section 1988 as untimely

because defendant did not file within 14 days of the entry of judgment and "offered no good reason why [the deadline] should not be enforced here.").

*Defendants' motion fails to state the amount sought or provide an estimate.* Defendants' motion is deficient for a second reason: they fail to "state the amount sought or provide a fair estimate of it" as required by FRCP 54(d)(2)(B)(ii). By failing to provide any figure or estimate as to the fees sought, Defendants essentially ask the Court to approve a blank check for Plaintiff to write. The Court rejects Defendants' motion for failure to comply with FRCP 54(d)(2)(B)(ii).[2]

## CONCLUSION

The Court DENIES Defendants' motion for attorney's fees.[3]

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: July 21, 2015
      Brooklyn, New York

---

[2] Though the Court has the discretion, pursuant to FRCP 54(d)(2)(C), to first "decide issues of liability for fees before receiving submissions on the value of services[,]" the Court does not view this provision as excusing a party's failure to comply with FRCP 54(d)(2)(B)(ii). *See Carter*, 759 F.3d at 167 ("Rule 54(d)(2)(C) is permissive; the court 'may' decide liability for fees first, but need not.").

[3] While unnecessary to this decision, the Court clarifies its ruling regarding Defendants' request for a filing injunction, on which Bartels relies in his opposition to the instant attorney's fees request. (Dkt. 70 at ECF 2.) (Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.) In denying the filing injunction request, the Court stated that it "cannot find these cases [*i.e.*, the prior litigation that Plaintiff filed against Defendants and this litigation] were duplicative or frivolous." (Dkt. 70 at ECF 2.) However, what the Court meant, and should have stated more precisely, was that it could not find *both* lawsuits brought by Plaintiff duplicative or frivolous, but that it did find *this* lawsuit frivolous and without merit. Thus, but for the procedural deficiencies of Defendants' attorney's fees motion, discussed above, the Court would have found a basis to award attorney's fees.